UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,　　　　　　　　No. CR 04-0087-01 MHP

　　　　　　Plaintiff(s),　　　　　　　　　　　　**ORDER REVOKING SUPERVISED RELEASE AND JUDGMENT**

　　v.

LATRICE MINOR,

　　　　　　Defendant(s).
　　　　　　　　　　　　　　　　　　/

　　　　This matter came on pursuant to an Order to Show Cause why supervised release should not be revoked. Defendant appeared in person with her attorney Gail Shifman. The United States was represented by Assistant United States Attorney Kyle Waldinger.

　　　　The defendant was advised of the following:

1. Her right to a hearing on the alleged violations of supervised release;
2. Her right to confront and cross-examine witnesses;
3. Her right to produce evidence and witnesses at the hearing without cost to her if she could not afford the same;
4. Her right to continue to have court appointed counsel represent her throughout the proceedings; and
5. The nature of the revocation proceedings and the consequences if a violation was found and supervised release revoked or modified.

　　　　The court finds that defendant was fully advised of her constitutional and statutory rights in connection with these proceedings either as a basis for modification or revocation; that she fully understands the nature of the proceeding and the defenses that she may assert in the proceeding; that she fully understands the consequences of the proceeding; and that she freely and voluntarily waives her right to a hearing, her counsel consenting thereto.

The court finds that the defendant has admitted to the violations as alleged in the amended petition to revoke and that such violations are sufficient cause to revoke supervised release.

Charge 2:  Violation of Standard Condition Number One which states that defendant shall not leave the judicial district or other specified geographical area without permission of the Court or the probation officer, in that on September 7, 2009, defendant traveled to Sandy, Utah without the permission of the probation officer;

Charge 3:  Violation of Standard Condition Number Twelve which states that defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer in that on September 7, 2009, defendant was arrested by the Sandy Police Department, and failed to notify her probation officer within the required time period.

Based on the foregoing,

IT IS ADJUDGED that supervised release be and is hereby REVOKED and that defendant is remanded into the custody of the Attorney General or his authorized representative for a term of eight (8) months. Upon release of custody, Supervised Release is REINSTATED for a further term of three (3) years, with all previously-imposed conditions of probation to remain in full effect as conditions of supervised release.  In addition, the following conditions are imposed:

1) All computers, computer-related devices, including, but not limited to, personal computers, personal data assistants (PDAs), Internet appliances, and cellular telephones, as well as their peripheral equipment, that can access, or can be modified to access, the Internet, electronic bulletin boards, and other computers, or similar media and their peripheral equipment, used by the defendant, shall be subject to search and seizure and the installation of search and/or monitoring software and/or hardware, including unannounced seizure for the purpose of search.  The defendant shall not add, remove, or otherwise modify the hardware or software on the computers, computer-related devices, or their peripheral equipment, nor shall she hide or encrypt files or data without

2

prior approval of the Probation Officer.  Further, the defendant shall provide all billing records, including telephone, cable, Internet, satellite, and the like, as requested by the Probation Officer.

2) The defendant shall use only those computers and computer-related devices, screen user names, passwords, and e-mail accounts, as approved by the Probation Officer.  Computers and computer-related devices include, but not limited to, personal computers, personal data assistants (PDAs), Internet appliances, and cellular phones, as well as their peripheral equipment, that can access, or can be modified to access, the Internet, electronic bulletin boards, and other computers, or similar media.

The Court recommends placement of defendant at Dublin, CA facility, or other low-level facility located near family residence. Remaining counts of the petition are dismissed.

Dated: January 13, 2010

MARILYN HALL PATEL
United States District Court Judge